UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

BMR No. 1 LLC d/b/a MIKE JUNEAU'S
BROOKFIELD BUICK GMC

                Plaintiff,

v.                                                                   Case No. 10-CV-376

GENERAL MOTORS LLC,

                Defendant.

## BMR'S BRIEF IN RESPONSE TO GM'S MOTION TO DISMISS

### *INTRODUCTION*

Plaintiffs filed this Wis. Stat. § 218.0116 protest action against GM in Wisconsin's Division of Hearings and Appeals (the "Division"), which GM removed to this court. GM subsequently filed a motion to transfer and a motion to dismiss. Plaintiff E.J. Salentine, Inc. d/b/a Salentine Buick ("Salentine") has been dismissed, and GM has withdrawn its motion to transfer and the portion of its motion to dismiss based on the bankruptcy action. What remains is GM's request to dismiss the case for the alleged failure to timely demand mediation pursuant to Wis. Stat. § 218.0136(1). This is the brief of plaintiff BMR No. 1 LLC d/b/a Mike Juneau's Brookfield Buick GMC ("BMR") in opposition to GM's motion to dismiss.

As set forth below, this court should deny GM's motion because: (1) BMR complied with the statute by demanding mediation "contemporaneous with" the filing of

the complaint; (2) any failure to timely demand mediation does not require dismissal as set forth by the Supreme Court of Wisconsin; and (3) the mediation demand requirement is procedural, not substantive, so it is not binding on this federal court under the *Erie* doctrine.

## *FACTS*

BMR is a Buick and GMC dealer in Brookfield, Wisconsin. GM assigns its dealers areas of primary responsibility or "APRs." BMR's APR includes portions of Waukesha County. By letter dated May 7, 2010, GM notified BMR that GM intended to establish a Buick dealer in the portion of Waukesha county also assigned to BMR. (See GM's Notice of Removal, Exhibit A, Document # 1-2, page 7.). BMR received GM's letter on May 12, 2010, and on June 12, 2010, BMR timely filed its protest in the Division requiring GM to show good cause for its plan. (*See id.*, at pp. 2-6.) On June 14, 2010, the Division's administrative law judge ("ALJ") wrote BMR's counsel inquiring about whether BMR had made a demand for mediation pursuant to Wis. Stat. § 218.0136(1). (*See id.*, at p. 20.) On June 15, 2010, BMR demanded mediation. (*See id.*, at p. 12.)

The only issue before the court is whether the case should be dismissed due to BMR's alleged failure to demand mediation before filing the complaint.

## *DISCUSSION*

I. BMR COMPLIED WITH THE DEMAND FOR MEDIATION REQUIREMENT.

Wis. Stat. § 218.0136(1) states in relevant part:

> A licensee may not file a complaint with the division of hearings and appeals ... unless the licensee serves a demand for mediation upon the other licensee before or contemporaneous with the filing of the complaint....

"Contemporaneous" is not defined in the statute. For that reason, the term should be given its common, ordinary and accepted meaning. *See Klemm v. American Transmission Co., LLC*, 2010 WL 3119927 (Wis. App. 2010.) The Oxford English Dictionary defines the word as "belonging to the same time or period; existing or occurring at the same time." (*See* The Oxford English Dictionary, Second Edition, Volume XV, 1989; *see also* Merriam-Webster Online, http://www.merriam-webster.com/thesaurus/contemporaneous (last visited August 17, 2010) (defined as "existing or occurring at the same period of time.")

The statute does not use the word "simultaneous," which might be interpreted as requiring an exact correspondence in the time between filing of the complaint and the demand for mediation. *See, e.g., Matter of Estate of Villwoch*, 142 Wis.2d 144, 149, 418 N.W.2d 1 (Ct. App. 1987) (adopting dictionary definition of "simultaneous" as meaning "occurring at the same time."); *see also* The Oxford English Dictionary, Second Edition, Volume XV, 1989 (defining "simultaneous" as "existing, happening, occurring, operating, etc., at the same time; coincident in time.)

It is undisputed that BMR served its demand for mediation within 4 days of filing its complaint. Thus, BMR's demand for mediation "occurred within the same period" or, contemporaneous with, the filing of the complaint. The fact that the ALJ merely inquired

as to the status of any demand for mediation, but took no remedial action, supports this interpretation.

## II. IN ANY EVENT, FAILURE TO FOLLOW STATUTORY MEDIATION TIMING REQUIREMENTS DOES NOT MANDATE DISMISSAL UNDER WISCONSIN LAW.

No Wisconsin court or Federal court has addressed Wis. Stat. § 218.0136(1). Under the *Erie* doctrine, this court must predict how this case would be decided by the highest court in the state whose law provides the rule of decision. *See Mason v. Ashland Exploration, Inc.*, 965 F.2d 1421, 1424 (7th Cir. 1992). The Supreme Court of Wisconsin has on three occasions addressed situations in the medical malpractice context that are similar to the one before this court. *See Eby v. Kozarek*, 153 Wis. 2d 75, 450 N.W.2d 249 (1990); *Schulz v. Nienhuis*, 152 Wis. 2d 434, 448 N.W.2d 655 (1989); and *Ocasio v. Froedert Mem'l Lutheran Hosp.*, 2002 WI 89, 254 Wis. 2d 367, 646 N.W.2d 381.

Subchapter VI of Wis. Stat. ch. 655 establishes a mediation system for medical malpractice actions. It contains various statutory time requirements for requesting and participating in mediation. In *Schulz*, the Supreme Court concluded that a claimant's failure to participate in mediation during the time period set forth in Wis. Stat. § 655.465(7) did not require dismissal. Similarly, in *Ocasio*, the Supreme Court concluded that a claimant's filing suit prior to expiration of the mediation period, contrary to Wis. Stat. § 655.44(5)[1] did not mandate dismissal.

---

[1] This Section, entitled "NO COURT ACTION COMMENCED BEFORE MEDIATION" states, "Except as provided in s. 655.445, no court action may be commenced unless a

As an initial matter, the court in *Ocasio* concluded that the failure to follow the timing requirements in the statute did not implicate the concepts of competency and subject matter jurisdiction. *Ocasio*, 254 Wis. 2d 367, ¶ 11 n. 5. The court framed the issue as "…what remedy ensues as a result of the statutory violation." *Id.*

In concluding that dismissal was not the proper remedy, the court articulated two rationales. First, the court reasoned that the absence of any language in the statute mandating dismissal meant that the legislature did not intend dismissal as a sanction:

> If the legislature intended the result the defendants urge, it could have expressly stated that a claimant's failure to participate in a mediation session within the statutory mediation period results in dismissal. It did not do so. In the absence of express language, we are unwilling to read the harsh penalty of dismissal of the lawsuit into the mediation statute. The tenor of modern law is to avoid dismissal of cases on technical grounds and to allow adjudication on the merits.

*Schulz*, 152 Wis. 2d at 443; see also *Ocasio*, 254 Wis. 2d 367, ¶ 21 (quoting *Schulz*, 152 Wis. 2d at 443).

Second, the court concluded that dismissal was inconsistent with the purposes of the medical malpractice statute, which was meant to provide a system of informal, flexible procedures. *Schulz*, 152 Wis. 2d at 439; *Ocasio*, 254 Wis. 2d 367, ¶ 21. The court reached this conclusion in both cases, despite the use of the term "shall" in the statutory sections.

---

request for mediation has been filed under this section and until the expiration of the mediation period under s. 655.465(7)."

The Supreme Court in *Eby* articulated a third rationale for holding that dismissal was improper in a similar case: lack of any prejudice suffered by defendant. In *Eby*, the plaintiff failed to comply with Wis. Stat. § 655.445, which states that a claimant shall file a request for mediation within 15 days of filing an action, and the defendant moved for dismissal. The Supreme Court upheld the lower court's denial of defendant's motion to dismiss, relying, in part, on the same two rationales articulated in *Schulz* and *Ocasio*. The court explained that dismissal was additionally inappropriate because the defendant was not prejudiced by the plaintiff's request for mediation on the 30th day rather than the 15th. 153 Wis. 2d at 82.

Turning to the case at hand, GM asserts that this court is without jurisdiction to proceed because BMR untimely demanded mediation. (GM br. at 2.) GM is mistaken. Even if this court were to conclude that BRM's demand for mediation was untimely, this court retains jurisdiction. *Ocasio*, 254 Wis. 2d 367, ¶ 11 n. 5. The question before the court becomes a matter of remedy. *Id.*

This court should follow the reasoning set forth in *Schulz, Ocasio* and *Eby* to conclude that dismissal is not the proper remedy. The three rationales articulated by those decisions apply equally to this case. First, Wis. Stat. § 218.0136 does not mandate dismissal for failing to timely demand mediation. If the legislature intended the result GM requests, it could have expressly stated that the failure to demand mediation results in dismissal of any protest. It did not do so. This court, like the Supreme Court of Wisconsin, should be unwilling to read the harsh penalty of dismissal into the statute.

Second, as in *Schulz, Ocasio*, and *Eby* dismissal would be inconsistent with the purpose of Wis. Stat. ch. 218. The purpose of the dealership statutes is remedial. *Racine Harley-Davidson, Inc. v. State of Wisconsin*, 2006 WI 86, ¶ 93, 292 Wis. 2d 549, 717 N.W.2d 184. Courts construing ch. 218 must construe the relevant sections broadly and so as to effectuate the chapter's purpose. *Id.* The Supreme Court of Wisconsin has expressed the chapter's purpose as follows:

> Implicit in the law is the recognition of the gross disparity of bargaining power between the manufacturer of automobiles and the local retailer. It was enacted in recognition of the long history of the abuse of dealers by manufacturers. . . . The purpose of the law is to furnish the dealer with some protection against unfair treatment by the manufacturer.

*Id.* ¶ 92 (quoting *Forest Home Dodge, Inc. v. Karns*, 28 Wis. 2d 78, 85, 138 N.W.2d 214 (1965)). Here, the purpose of the statute would be ill-served were this court to adopt GM's position that failure to demand mediation before filing a complaint or in the complaint itself precludes a motor vehicle dealer from obtaining relief under ch. 218.

Third, just as the defendant in *Eby* was not prejudiced by a 15 day delay in a request for mediation, GM is not at all prejudiced by the alleged 4 day delay in demanding mediation. "The tenor of modern law is to avoid dismissal of cases on technical grounds and to allow adjudication on the merits." *Schulz*, 152 Wis. 2d at 443.

### III. THE MEDIATION DEMAND REQUIREMENT IS A MATTER OF PROCEDURAL STATE LAW, WHICH IS NOT BINDING ON THIS FEDERAL COURT.

"Under the *Erie* doctrine, federal courts in diversity cases . . . apply state substantive law but federal procedural law." *Gacek v. American Airlines, Inc.*, No. 09-

3131, 2010 WL 2780318, at 4 (7th Cir. July 15, 2010), citing *Gasperini v. Center for Humanities,* 518 U.S. 415, 427 (1996); *Mayer v. Gary Partners & Co.,* 29 F.3d 330 (7th Cir. 1994); *Esfeld v. Costa Crociere, S.P.A.,* 289 F.3d 1300, 1306 (11th Cir. 2002)). Substantive law is motivated by a desire to influence conduct outside the litigation process, such as a desire to deter accidents. *Gacek*, 2010 WL 2780318, at 4 (citations omitted). On the other hand, procedural law is motivated by a desire to reduce the cost or increase the accuracy of the litigation process, regardless of the substantive basis of the particular litigation. *See id.* (citations omitted).

In this case, the requirement set forth in Wis. Stat. § 218.0136(1) that a demand for mediation be timely served is procedural because it is motivated by a desire to reduce the costs and increase the accuracy of the litigation process. The statute is clearly not intended to influence conduct outside the ligation process. For this reason, the procedural requirement that a licensee demand mediation within a certain time frame is not binding on this court. *See also Houben v. Telular Corp.*, 309 F.3d 1028 (7th Cir. 2002) (holding that a state-court rule making the date of judgment operative in triggering a 15-day limitation period for prompt payment under Illinois Wage Payment and Collection Act as not binding on federal courts under *Erie* Doctrine); *see also Lundgren v. McDaniel*, 814 F.2d 600 (11th Cir. 1987) (holding that a Florida statute requiring notification to the state Department of Insurance prior to filing claim was procedural and therefore not binding on federal courts).

## *CONCLUSION*

For the above stated reasons, BMR requests that that court deny GM's motion to dismiss.

STAFFORD ROSENBAUM LLP

August 18, 2010  By  /s/ Jon Evenson
Date  Joseph P. Wright
 Jon Evenson
 222 West Washington Avenue, Suite 900
 Post Office Box 1784
 Madison, Wisconsin 53701-1784
 Email: jwright@staffordlaw.com
  jevenson@staffordlaw.com
 608.256.0226
 Attorneys for Plaintiffs

## *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that on August 18, 2010, a true and accurate copy of the foregoing was served via the Court's electronic docketing system, which will send notice to all counsel of record.

STAFFORD ROSENBAUM LLP

| | |
|---|---|
| August 18, 2010 <br> Date | By /s/ Jon Evenson <br> Joseph P. Wright <br> Jon Evenson <br> 222 West Washington Avenue, Suite 900 <br> Post Office Box 1784 <br> Madison, Wisconsin 53701-1784 <br> Email: jwright@staffordlaw.com <br>           jevenson@staffordlaw.com <br> 608.256.0226 <br> Attorneys for Plaintiffs |